ATLANTIC HIGHLANDS BUILDING AND LOAN ASSOCIATION, complainant,

· v.

THOMAS F. KELLY et al., defendants.

[Decided April 20th, 1937.]

*Messrs. Snyder, Roberts & Pillsbury,* for the complainant.

*Mr. William Henig (Mr. L. Stanley Ford,* of counsel), for the defendant Heating and Plumbing Finance Corporation.

BERRY, V. C.

This is a mortgage foreclosure proceeding in which Heating and Plumbing Finance Corporation was made a party defendant by reason of a conditional sales agreement covering certain heating equipment installed in the mortgaged premises, and also by reason of a judgment which it held against the owners of the realty. The real estate mortgage was recorded prior to the execution of the conditional sales

agreement. The named defendant in its answer denies the priority of complainant's mortgage over the conditional sales agreement and by counter-claim seeks a decree requiring complainant to deliver to it the heating equipment in question.

Complainant's answer to the counter-claim is three-fold; first, that the chattels were so annexed to the realty as to become part thereof and unseverable without material injury to the freehold; second, that any reservation of title to the chattels was ineffective as to complainant, which had not expressly assented to such reservation; and third, that by reason of the entry of a judgment against the defendant Kelly, any right in the counter-claimant to retake the goods was terminated and it thereafter was limited to recovery upon the judgment. Counsel for complainant has expressly waived the first two points, leaving but one question to be determined.

Under section 24 of the Uniform Conditional Sales act (*2 Cum. Supp. Comp. Stat. p. 3135*) the mere entry of judgment, with nothing more, does not deprive the conditional vendor of his right to retake the goods. However, complainant contends that under the 1930 supplement to the Conditional Sales act (*P. L. 1930 ch. 132; Cum. Supp. Comp. Stat. 1930 p. 1649*) the reserved right to repossess is automatically terminated upon the entry of a judgment. The answer to this contention is that the supplement expressly limits its application to the entry of judgment "on bond and warrant;" and the judgment here involved, it is stipulated, was based upon a promissory note. It is further stipulated that no steps have been taken, by way of execution or otherwise, to collect on the judgment. The 1930 supplement being a limitation upon pre-existing rights and remedies, its provisions cannot be extended to cover situations clearly beyond the limits of its plain language. Especially is this so where the language of the restrictive statute is in particular, rather than general, terms.

Why the holder of a judgment based upon a certain kind of written instrument should not have the same remedies accorded other judgment creditors (assuming all of them to be conditional vendors) is not clearly apparent. Perhaps no

distinction was intended. Perhaps the supplement is but another example of legislation enacted to provide for a particular situation. But that is the concern of the legislature and not of this court. In any event, the intent of the legislature must be gathered from the language used, and that here involved permits of but one application, viz.: to judgments entered upon bond and warrant.

There will be a decree for counter-claimant.